**NOT FOR PUBLICATION**
**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**



**FILED**

JUL 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMALGAMATED TRANSIT UNION INTERNATIONAL; AMALGAMATED TRANSIT UNION LOCAL 192; AMALGAMATED TRANSIT UNION, LOCAL 256; AMALGAMATED TRANSIT UNION LOCAL 265; AMALGAMATED TRANSIT UNION LOCAL 1277; AMALGAMATED TRANSIT UNION LOCAL 1309; AMALGAMATED TRANSIT UNION LOCAL 1574; AMALGAMATED TRANSIT UNION LOCAL 1575; AMALGAMATED TRANSIT UNION LOCAL 1605; AMALGAMATED TRANSIT UNION LOCAL 1704,<br><br>       Plaintiffs-Appellants,<br><br> v.<br><br>U.S. DEPARTMENT OF LABOR; JULIE A. SU, in her official capacity as Acting Secretary of the United States Department of Labor,<br><br>       Defendants,<br><br> and | No.   23-15503<br><br>DC No. 2:20-cv-00953-KJM<br><br>MEMORANDUM[*] |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

STATE OF CALIFORNIA,

      Intervenor-Defendant-
      Appellee.

AMALGAMATED TRANSIT UNION
INTERNATIONAL; AMALGAMATED
TRANSIT UNION LOCAL 192;
AMALGAMATED TRANSIT UNION,
LOCAL 256; AMALGAMATED
TRANSIT UNION LOCAL 265;
AMALGAMATED TRANSIT UNION
LOCAL 1277; AMALGAMATED
TRANSIT UNION LOCAL 1309;
AMALGAMATED TRANSIT UNION
LOCAL 1574; AMALGAMATED
TRANSIT UNION LOCAL 1575;
AMALGAMATED TRANSIT UNION
LOCAL 1605; AMALGAMATED
TRANSIT UNION LOCAL 1704,

      Plaintiffs,

 v.

U.S. DEPARTMENT OF LABOR; JULIE
A. SU, in her official capacity as Acting
Secretary of the United States Department
of Labor,

      Defendants-Appellants,

 v.

No.   23-15617

DC No. 2:20-cv-00953-KJM

STATE OF CALIFORNIA,

        Intervenor-Defendant-
        Appellee.

Appeals from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Argued and Submitted April 10, 2024
San Francisco, California

Before:      TASHIMA, GRABER, and SUNG, Circuit Judges.

Amalgamated Transit Union International and the United States Department of Labor (collectively, the Department) appeal from the judgment entered by the district court in favor of the State of California. At issue is the Department's 2021 conclusion that the California Public Employees' Pension Reform Act of 2013 (PEPRA) precludes the Department from certifying grant applications from California transit agencies under the Urban Mass Transportation Act of 1964. In 2019, the Department certified grants to several local transit agencies in California. In 2021, the Department overruled its 2019 determination and issued the letter at issue here, reconsidering its prior position (2021 Letter). The Department concluded that, although it would not rescind the prior grant certifications, it would not be appropriate for it to certify grants to any California transit agencies in the

3

future. Pertinent to our decision, the 2021 Letter was not a decision in response to any pending grant application. We conclude that we lack jurisdiction over the matter because the case is not prudentially ripe.

"Ripeness is a justiciability doctrine designed 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'" *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 807–08 (2003) (quoting *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 148–49 (1967)) (*Nat'l Park*). "[R]ipeness doctrine reflects both constitutional and prudential considerations. 'The ripeness doctrine is "drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction."'" *Colwell v. Dep't of Health & Hum. Servs.*, 558 F.3d 1112, 1123 (9th Cir. 2009) (quoting *Nat'l Park*, 538 U.S. at 808).

"Determining whether administrative action is ripe for judicial review requires us to evaluate (1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration." *Nat'l Park*, 538 U.S. at 808; *see Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1141 (9th Cir. 2000) (en banc) ("In evaluating the prudential aspects of ripeness, our analysis is

guided by two overarching considerations: 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" (quoting *Abbott*, 387 U.S. at 149)).

Similar to the regulation at issue in *National Park*, all the 2021 Letter does is "announce the position" the Department will take with respect to future grant applications from transit agencies subject to PEPRA. *Nat'l Park*, 538 U.S. at 810. Moreover, under *National Park*, "judicial resolution of the question presented here should await a concrete dispute about a particular" denial of a grant application. *Id.* at 812. Finally, under *National Park*, uncertainty in business transactions is not sufficient to establish real hardship for ripeness purposes. *Id.* at 811. We therefore conclude that this case is prudentially unripe. *See Colwell*, 558 F.3d at 1116, 1128–29 (where a statement of policy guidance issued by the Department of Health and Human Services "to clarify the legal obligation of recipients of federal funds" provided both mandatory and non-mandatory guidance, and the policy guidance had not yet been used "in an enforcement proceeding against one of [the plaintiffs]," concluding that the case was not prudentially ripe).

Because the case is not ripe, we and the district court lack jurisdiction over the matter. We therefore vacate the judgment in favor of the State, vacate the injunction, and remand to the district court with instructions to dismiss the case for

lack of jurisdiction. *See Habeas Corpus Res. Ctr. v. U.S. Dep't of Just.*, 816 F.3d 1241, 1254 (9th Cir. 2016) (where organizations lacked standing to challenge regulations, and challenge to regulations was not ripe for review, vacating the decision of the district court and remanding with instructions to dismiss for lack of jurisdiction); *Alaska Right to Life Pol. Action Comm. v. Feldman*, 504 F.3d 840, 844 (9th Cir. 2007) (where plaintiffs' claims were not ripe, vacating the district court's order granting summary judgment and the judgment, and remanding with instructions to dismiss).

**VACATED and REMANDED WITH INSTRUCTIONS.** Each party shall bear its own costs on appeal.